UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **EDWARD ROBINSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **WILMINGTON SAVINGS FUND** | § | [formerly 412th Judicial District Court |
| **SOCIETY, FSB,** | § | of Brazoria County, Texas, |
| | § | Cause No. 115617-CV] |
| *Defendant.* | § | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

COMES NOW, Defendant, WILMINGTON SAVINGS FUND SOCIETY, FSB as TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I, improperly named as WILMINGTON SAVINGS FUND SOCIETY, FSB ("Wilmington"), hereby file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and remove to the United States District Court for the Southern District of Texas, the cause of action currently pending in 412th Judicial District Court of Brazoria County, Texas, styled *Edward Robinson v. Wilmington Savings Fund Society, FSB.*, Cause No. 115617-CV. The grounds in support of this Notice of Removal are as follows:

**I. STATEMENT OF CASE[1]**

1. On or about December 3, 2021, Plaintiff Edward Robinson ("Plaintiff") filed his Petition in the 412th Judicial District Court of Brazoria County, Texas, styled *Edward Robinson v.*

---

[1] A copy of the docket from the State Court Action is attached hereto as **Exhibit 1**.

*Wilmington Savings Fund Society FSB*[2], Cause No.: 115617-CV (the "State Court Action" and the "Petition"). A copy of the Petition is attached hereto as **Exhibit 2.**

2. On December 7, 2021, the Court issued an Order on the TRO. A copy of the Order on the TRO is attached hereto as **Exhibit 3**.

3. On December 14, 2021, Wilmington was officially served with the Petition and citation, along with the TRO.

4. The Petition purports to assert several causes of action based on alleged wrongful conduct involving a non-judicial foreclosure sale and includes claims based on Federal law.

## II. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

7. Wilmington removes this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. The Petition here raises federal questions, and thus is removable, pursuant to 28 U.S.C. § 1441(a).

8. Included in Plaintiff's claims is a cause of action that arises pursuant to federal law, i.e., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.* (*See* Petition, at ¶¶ 28–48). Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331, and therefore this removal is made pursuant to 28 U.S.C. § 1441(a).

9. The remaining counts of the Petition, which are based on state law, relate to the same set of facts as the federal claim, and therefore this Court has supplemental jurisdiction over the same in accordance with 28 U.S.C. §§ 1367(a) and/or 1441(c). (*See generally* Petition).

---

[2] As noted above, Wilmington has been incorrectly named by Plaintiff in the Petition. The real party in interest is "Wilmington Savings Fund FSB as Trustee of Stanwich Mortgage Loan Trust I."

10. Plaintiff's Petition is removable to the United States District Court for the Southern District of Texas because the Petition presents a federal question. Specifically, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff's claims provide the basis for this Court's jurisdiction as he has brought suit under the laws of the United States. Accordingly, Wilmington is entitled to remove this action in accordance with 28 U.S.C. § 1441(a).

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and documents from the State Court Action available to Wilmington have been attached to this Notice of Removal.

12. Removal is timely in accordance with 28 U.S.C. § 1446(b). Specifically, this removal has been filed within thirty (30) days of the date that Wilmington was served with the Petition.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of Texas, Galveston Division, is the federal judicial district embracing the District Court for Brazoria, Texas.

14. Pursuant to 28 U.S.C. § 1446(d), Wilmington will promptly file a copy of this Notice of Removal in the State Court Action and give written notice of the removal of this action to Plaintiff.

### IV. CONSENT TO REMOVAL BY OTHER NAMED DEFENDANTS

15. U.S.C. §1446(b)(2)(A) requires all other Defendants that have been properly named and served to consent to the removal. No other Defendants have been named in the State Court Petition and, therefore, no further consent is required.

### V. CONCLUSION AND PRAYER

By this Notice of Removal, Wilmington does waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Wilmington intends no admission of fact, law or liability by this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas.

If any question should arise as to the propriety of the removal of this action, Wilmington requests the opportunity to submit a brief and present oral argument in support of its position that this case has been properly removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, Defendant Wilmington Savings Fund FSB as Trustee of Stanwich Mortgage Loan Trust I, improperly named as Wilmington Savings Fund Society, FSB, respectfully requests that the above-styled action now pending against them in the 412th Judicial District Court of Brazoria County, Texas, be removed to this Court.

<table>
<tr><td>Dated:  January 12, 2022</td><td>Respectfully submitted,<br><br>**HOLLAND & KNIGHT LLP**<br><br>By: /s/ *George G. Robertson*<br>George G. Robertson<br>State Bar No. 24106352<br>george.robertson@hklaw.com<br>811 Main Street, Suite 2500<br>Houston, Texas 77002-5227<br>713-821-7000 (Telephone)<br>713-821-7001 (Facsimile)<br><br>**COUNSEL FOR DEFENDANTS WILMINGTON SAVINGS FUND FSB AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST I, improperly named as WILMINGTON SAVINGS FUND SOCIETY, FSB**</td></tr>
</table>

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument was served on all known counsel of record this 12th day of January, 2022, via the Court's ECF system, via email, and by placing a copy in the United States Mail, addressed to the following:

Robert C. Vilt, Esq.
5177 Richmond Ave, Suite 1142
Houston, TX  77056
clay@viltlaw.com

*Counsel for Plaintiff*

/s/ *George G. Robertson*
George G. Robertson

5